IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL,
INC.

   v.     :     Civil Action No. DKC 11-2093

RMC REALTY LIMITED, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion for default judgment filed by Plaintiff Choice Hotels International, Inc. (ECF No. 5). The relevant issues have been briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

**I. Background**

Plaintiff commenced this action on July 29, 2011, by filing an application to confirm arbitration award against Defendants RMC Realty Limited and Roland McKind. (ECF No. 1). The attached award, dated April 14, 2011, requires Defendants to pay, jointly and severally, the total sum of $243,820 (consisting of a $238,140 award and $5,680 in administrative fees and expenses and arbitrator compensation) "in full settlement of all claims submitted to this arbitration," though the nature of such claims is not identified. (ECF No. 1-1).

Plaintiff's application requests entry of judgment in the same amount.

The record reflects that Defendants were properly served on October 2, 2011.  When they failed to respond within the requisite time period, Plaintiff separately filed motions for entry of default (ECF No. 4) and for default judgment (ECF No. 5).  Defendants did not respond to these motions, and the clerk entered default on December 15, 2011.  (ECF No. 6).

## II. Analysis

A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002).  The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id*. (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

Upon entry of default, the well-pleaded allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that

2

may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law." *United Community Bank v. Arruarana*, Civil No. 1:10cv248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2nd Cir. 2006); *McColl Partners, LLC v. DME Holdings, LLC*, No. 3:10cv247, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011)). Pursuant to 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this

3

> title.  If no court is specified in the
> agreement of the parties, then such
> application may be made to the United States
> court in and for the district within which
> such award was made.

In this case, the arbitration clause in the parties' franchise agreement provides that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration" and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." (ECF No. 1-2). Although Plaintiff's motion does not identify the jurisdiction in which the arbitration award was made, the agreement requires that any arbitration proceeding be conducted in Maryland. In any event, the parties appear to be diverse and the amount in controversy satisfies the jurisdictional minimum for diversity jurisdiction in this court. *See* 28 U.S.C. § 1332(a). Thus, the court is satisfied that it has jurisdiction to confirm the arbitration award. There is no question, moreover, that Plaintiff filed its application "within one year after the award [was] made." 9 U.S.C. § 9.

As the Fourth Circuit has explained:

> Review of an arbitrator's award is
> severely circumscribed. Indeed, the scope
> of review of an arbitrator's valuation
> decision is among the narrowest known at law
> because to allow full scrutiny of such
> awards would frustrate the purpose of having
> arbitration at all—the quick resolution of

4

> disputes and the avoidance of the expense and delay associated with litigation. *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992). Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law. *In re A.H. Robins Co., Inc.*, 197 B.R. 513, 516 (E.D.Va. 1994).

*Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, Inc., 142 F.3d 188, 193 (4th Cir. 1998) (internal footnotes omitted).

If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in § 10 of the Federal Arbitration Act. That section allows vacating of an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  In addition, a court may overturn a legal interpretation of an arbitration panel if "it is in manifest disregard for the law."  *See, e.g.*, *Apex Plumbing*, 142 F.3d at 193 ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of the law"); *Upshur Coals Corp. v. United Mine Workers of America, Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991).  Mere misinterpretation of a contract or an error of law does not suffice to overturn an award.  *See Upshur*, 933 F.2d at 229.

Plaintiff has established that there is a valid contract between the parties requiring arbitration of "any controversy or claim arising out of or relating to this Agreement."  Although the record does not expressly reflect the nature of the claims brought before the arbitrator, the complaint alleges that "lost profit damages" were awarded.  (ECF No. 1 ¶ 2).  Lost profit damages are a remedy for breach of contract.  *See Hoang v. Hewitt Ave. Associates, LLC*, 177 Md.App. 562, 594 (2007).  Thus, the court is satisfied that the claims resolved at arbitration are within the scope of the parties' arbitration clause.  There has been no showing of the narrow grounds listed in the FAA for vacatur of the arbitration award, nor is there any suggestion that the arbitrator acted in manifest disregard of the law.  The arbitrator awarded Plaintiff $243,802.00, and Plaintiff has

demonstrated entitlement to confirmation of that award. Accordingly, a default judgment in that amount will be entered.[1]

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for entry of default judgment will be granted in part and denied in part. A separate order will follow.

                                                                                /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[1] Plaintiff additionally seeks judgment as to post-judgment interest and costs. The court need not specifically grant an award of post-judgment interest, however, because Plaintiff is entitled to recover such interest by operation of law. *See* 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."). Similarly, costs may be awarded upon submission of a bill of costs in accordance with Local Rule 109.1.